UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Murphy D. Jones,　　　　　　　　　　　　　　　　　　Case No. 05-40042-R

　　　　　Debtor.　　　　　　　　　　　　　　　　　　Chapter 13
_____/

**Opinion and Order Upon Second Remand**

　　　　This chapter 13 bankruptcy case was dismissed at confirmation on April 13, 2005. On May 18, 2005, the Court conducted a hearing on the fee application filed by the debtor's attorney. On May 26, 2005, the Court entered an order allowing fees of $500.00 and expenses of $74.33. The applicant appealed and on November 21, 2005, the District Court remanded the matter "for a determination of the lodestar calculation of fees." *In re Jones*, Civ. No. 05-72387 (E.D. Mich. Nov. 21, 2005), at p. 6.

　　　　On March 31, 2006, this Court complied with those instructions and entered an opinion and order utilizing a lodestar analysis and again awarding fees of $500.00 and expenses of $74.33. *In re Jones*, 339 B.R. 903 (Bankr. E.D. Mich. 2006). The applicant again appealed, and the District Court again remanded, this time with instructions "to hold a hearing at which the Appellant can argue the merits of his fee request and the validity of his professional conduct." *Stephen A. Thomas, PLC v. Estate of Jones*, __ B.R. __, 2007 WL 269804 at *3 (E.D. Mich. Jan. 25, 2007).

　　　　In a hearing on March 7, 2007, the Court complied with those instructions. At that hearing, counsel again maintained that when the case was filed, both the debtor and counsel believed that the debtor could propose a feasible plan. That belief however was based upon the erroneous assumption

that the debtor was current in his mortgage, or no more than one month in arrears. Nevertheless, as noted in this Court's opinion of March 31, 2006, the arrears were actually $8,453.28. *Id.*, 339 B.R. at 905. At the March 7, 2007 hearing, counsel disclosed the additional damaging fact that no independent investigation was performed to determine the arrearage. Moreover, nothing was presented at the hearing to address this Court's previous findings that the debtor's budget of $1,203.32 was unrealistic and contributed to the debtor's 45% pay history at the time of the confirmation hearing.

Similarly, nothing was presented at the recent hearing to address this Court's previous finding that based on the debtor's pay stubs, the debtor's projected income was overstated on schedule I, which further undermined feasibility. Nor was anything presented to address the Court's previous finding that a mathematical error on schedule J caused a necessary increase in the debtor's plan payment from $462.24 to $576.24, yet further undermining feasibility.

Finally, nothing was presented that persuades the Court that the case was properly filed as a chapter 13 case. Accordingly, the Court reaffirms its prior finding that "This record overwhelmingly establishes that the applicant should not have recommended or filed a chapter 13 case for this debtor and that the feasibility of a chapter 13 plan was never reasonably arguable due to the lack of net disposable income to cure the substantial mortgage arrearage." *Id.* at 905-06. Accordingly, the Court reaffirms its prior finding that debtor's attorney is only entitled to be compensated for the time spent obtaining the benefit of the automatic stay, 2.5 hours of service at $200 per hour. *Id*. at 906. In these circumstances, the Court further reaffirms its prior award of $500.00 in fees and $74.33 in expenses.

It is so ordered.

Not for Publication

**Signed on May 02, 2007**

                                              /s/ Steven Rhodes
                                              **Steven Rhodes**
                                              **Chief Bankruptcy Judge**

3

05-40042-swr   Doc 67   Filed 05/02/07   Entered 05/02/07 13:51:38   Page 3 of 3